**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

FREDDIE LEE DOWNER, JR.                                               PLAINTIFF

v.                                          CIVIL ACTION NO.  3:17-CV-P341-CRS

MARK BOLTON *et al.*                                               DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C.

§ 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis.*  This matter is

before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

For the reasons set forth below, the action will be dismissed in part, but Plaintiff will be allowed

to amend his complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections

(LMDC).  He brings this action against LMDC Director Mark Bolton in his official capacity; the

LMDC "Classification" Department; Medical Service "Healthcare CCS"; and the University of

Louisville Hospital.

Plaintiff alleges that he has been diagnosed with bipolar paranoid schizophrenia.  He

alleges that this mental illness caused him to jump out of a building one year ago and break

multiple bones in his back and suffer from two brain bleeds and a collapsed lung.  Plaintiff then

states that as a result of his "classification" at LMDC, he was placed in a "high behavior dorm"

instead of in a "mental health dorm."  Plaintiff alleges that he told both officers and doctors that

he feared for his life and needed to be placed in the "mental health dorm."  Plaintiff states that on

May 1, 2017, he got into an altercation with another inmate and was charged with assault.

Plaintiff claims that this incident could have been prevented if he had been on the "right floor and been administered the proper medication." Plaintiff further states that he is now in a single cell for 23 hours a day and that he hears voices and has suicidal thoughts. He also writes that his jaw was broken "in the jail" and he "did not get any help." Finally, Plaintiff states that he was denied medical care at the University of Louisville Hospital because he did not have insurance.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.

*See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted).[1] A claim for deliberate indifference "has both

---

[1] Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment also operates to guarantee those same protections to pretrial detainees. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). These claims are analyzed under the same rubric as Eighth Amendment claims brought by convicted

objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir.

2011).  The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir.2004).]  The subjective component regards prison officials' state of mind.  *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.* at 895-96 (internal quotation marks and citations omitted).  The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787-88 (6th Cir. 2011).  Where the risk of serious harm is

obvious, "it can be inferred that the defendants had knowledge of the risk." *Hendricks v.*

*DesMarais*, No. 13-4106, 2015 U.S. App. LEXIS 9756, at *13 (6th Cir. Mar. 18, 2015).

## A.  Named Defendants

Plaintiff's complaint fails to state a claim for deliberate indifference to a serious medical

need against any named Defendant for various reasons.

Plaintiff first sues LMDC Director Mark Bolton in his official capacity.  This claim is

actually against Defendant Bolton's employer, the Louisville Metro Government.  *See Lambert*

*v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk

of courts in his official capacity was equivalent of suing clerk's employer, the county).  When a

§ 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1)

whether Plaintiff′s harm was caused by a constitutional violation; and (2) if so, whether the

municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S.

115, 120 (1992).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal

policy or custom, (2) connect the policy to the municipality, and (3) show that his particular

_____

prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545, (1979)).

injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.

2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A]

municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a

municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v.

Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282,

286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he

touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of

*employees* of the municipality, and thereby make clear that municipal liability is limited to action

for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S.

112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in

original). Here, Plaintiff has failed to allege a municipal policy custom caused the alleged

violation of his constitutional rights. The Court will therefore dismiss the official-capacity claim

against Defendant Bolton for failure to state a claim upon which relief may be granted.

Plaintiff also names "Healthcare CCS" as a Defendant. The Court construes this claim as

one against Correct Care Solutions (CCS), the entity from which Plaintiff sought medical care

while at LMDC.[2] A private corporation that performs a public function, such as contracting with

the state to provide medical care, may be found to act under color of law for purposes of

§ 1983. *Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003); *Skelton v. Pri-Cor, Inc.*, 963 F.2d

100, 102 (6th Cir. 1991). The Sixth Circuit has held that the analysis that applies to a

§ 1983 claim against a municipality also applies to a § 1983 claim against a private corporation

such as CCS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell,

436 U.S. at 691 (1978) ("*Monell* involved a municipal corporation, but every circuit to consider

---

[2] Plaintiff attached exhibits to his complaint which included "Healthcare Requests" made on Correct Care Solutions
forms.

the issue has extended the holding to private corporations as well."). Thus, because Plaintiff has failed to allege that a CCS custom or policy caused the alleged violation of his constitution rights, the Court will likewise dismiss the claim against "Healthcare CCS" for failure to state a claim upon which relief may be granted.

Plaintiff also names the LMDC "Classification" Department as a Defendant. However, courts have generally held that a prison or jail "department" is not "person" within the meaning of § 1983. *See, e.g.*, *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350 (6th Cir. 2006) (holding that a state prison's medical department is not a "person" under § 1983); *Hay v. Cuyahoga Jail Med. Dep't*, No. 1:11 CV 2652, 2012 U.S. Dist. LEXIS 9976, at *5-6 (N.D. Ohio Jan. 27, 2012) (dismissing claim against county jail medical department for same reason). Thus, Plaintiff's claims against the LMDC "Classification" Department will be dismissed for failure to state a claim upon which relief may be granted.

Finally, the Court will dismiss Plaintiff's claims against the University of Louisville Hospital for failure to state a claim upon which relief may be granted because the Sixth Circuit has held that the Hospital is not a state actor. *Mitchell v. Univ. Med. Ctr., Inc.*, No. 10-5979, 2011 U.S. App. LEXIS 26546, at *9-10 (6th Cir. 2011) ("The Hospital was created under Kentucky's general non-profit corporation laws for the purpose of providing medical services and education, and appoints its own directors; thus, the Hospital is not part of Kentucky's government."). Moreover, Plaintiff's allegation against the Hospital, which is that it refused him treatment because he did not have insurance, does not appear to be "fairly attributable to the state." *Id*. (citing *Wilcher v. City of Akron*, 498 F.3d. 516, 519 (6th Cir. 2007)).

### B. Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Based upon the allegations in Plaintiff's complaint, the Court will allow him to amend his complaint to name as Defendants the jail and/or medical officials whom he believes were deliberately indifferent to his serious medical needs.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the claims against the named Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which names as Defendants the jail and/or medical officials who allegedly violated his rights by providing inadequate medical or mental health treatment.  Plaintiff should sue these Defendants in their individual capacities and explain how each Defendant personally took actions that allegedly caused the deprivation of his constitutional rights.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**Plaintiff should also submit a completed summons form for each named Defendant within the same 30-day period.**[3]

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto, as well as six blank summons forms.

Date: July 18, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
         Jefferson County Attorney
4411.011

---

[3] Regarding the completion of the summons form, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.