# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**FREDDIE LEE DOWNER, JR.**                                                **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:17-CV-P341-CRS**

**MARK BOLTON** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be allowed to proceed in part and dismissed in part.

### I. PROCEDURAL HISTORY

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), initiated this action by filing a complaint against LMDC Director Mark Bolton in his official capacity; the LMDC "Classification" Department; Medical Service "Healthcare CCS"; and the University of Louisville Hospital.

In his complaint, Plaintiff alleges that he has been diagnosed with bipolar paranoid schizophrenia. He further alleges that this mental illness caused him to jump out of a building one year ago and break multiple bones in his back and suffer from two brain bleeds and a collapsed lung. Plaintiff states that as a result of his "classification" at LMDC, he was placed in a "high behavior dorm" instead of in a "mental health dorm." Plaintiff further alleges that he told both officers and doctors that he feared for his life and needed to be placed in the "mental health dorm." Plaintiff then states that, on May 1, 2017, he got into an altercation with another

inmate and was charged with assault. Plaintiff claims that this incident could have been prevented if he had been on the "right floor and been administered the proper medication." Plaintiff further states that he is now in a single cell for 23 hours a day and that he hears voices and has suicidal thoughts. He also writes that his jaw was broken "in the jail" and that he "did not get any help." As relief, Plaintiff seeks compensatory and punitive damages.

The Court conducted an initial review of Plaintiff's complaint on July 19, 2017, and dismissed Plaintiff's claims against all named Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted (DN 6). The Court, however, allowed Plaintiff the opportunity to amend his complaint to name as Defendants the jail and/or medical officials whom he believes were deliberately indifferent to his serious medical needs.[1] Plaintiff has now filed an amended complaint and amended complaint is now before the Court for review.

In the amended complaint (DN 7), Plaintiff names as Defendants "Ms. Walker," from the LMDC "Classification" Department, in her individual capacity; "Ms. Wyatt" from the LMDC "Medical Services" Department, in her individual capacity; and LMDC Director Mark Bolton, in his individual capacity. Plaintiff alleges that "Ms. Walker ignored my physically disability . . . I was placed in a high behavior dorm . . . instead of in a mental health dorm." With regard to "Ms. Wyatt," Plaintiff states: "I got into a physical altercation which started as an argument at first and because of that I am now charged with an assault 2 which could have been prevented if I would been on the right and proper medication. I ask for mental health and did not get the help. I hear voices and suicidal thoughts."

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat.Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted).[2] A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate

---

[2] Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment also operates to guarantee those same protections to pretrial detainees. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). These claims are analyzed under the same rubric as Eighth Amendment claims brought by convicted prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545, (1979)).

> indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895-96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787-88 (6th Cir. 2011). Where the risk of serious harm is obvious, "it can be inferred that the defendants had knowledge of the risk." *Hendricks v. DesMarais*, No. 13-4106, 2015 U.S. App. LEXIS 9756, at *13 (6th Cir. Mar. 18, 2015).

Based upon a combined reading of the complaint and amended complaint, the Court will allow Plaintiff's individual-capacity claims against Defendants Walker and Wyatt for deliberate indifference to his serious medical needs to proceed at this time.

The Court, however, will dismiss Plaintiff's individual-capacity claim against Defendant LMDC Director Bolton because Plaintiff does not make specific allegations against Defendant Bolton in either the complaint or amended complaint. *See Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Moreover, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-94 (1978); *see also Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) ("[A] § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.") (quotation omitted); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.

1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's individual-capacity claim against Defendant Bolton is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Defendant Bolton as a party to this action.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims for deliberate indifference to his serious needs against Defendants Walker and Wyatt shall proceed.

The Court will enter a separate Order Directing Service and Scheduling Order to govern these continuing claims.

Date: August 11, 2017

                              **Charles R. Simpson III, Senior Judge**
                              **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4411.011