# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**FREDDIE LEE DOWNER, JR.**                                           **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:17-CV-P341-CRS**

**MARK BOLTON** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a letter filed by *pro se* Plaintiff Freddie Lee Downer, Jr., which this Court construes as a motion for a preliminary injunction (DN 15). For the reasons set forth below, Plaintiff's motion will be denied.

Plaintiff is a pretrial detainee who brought this civil rights action pursuant to 42 U.S.C. § 1983. In the Court's review of Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A, the Court only allowed Plaintiff's claims for deliberate indifference to his serious medical needs to proceed against two Defendants in their individual capacities. In the letter now before the Court, Plaintiff writes as follows:

> [T]he Security Let someone in here that lie and said he was my lawyer but he was not, and I sign some papers. I can't get help inside this Jail now and I feel my life is in danger. . . . The medical staff have me on a lot of medication 1200 mg a day. . . . I have try to file a grievance and an action request and I'm not getting no help here now. If I can be move any were I will feel a letter better. I need help with this matter please.

The Court must balance four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emp. Ass'n v. Schimmel*, 751 F.3d

427, 430 (6th Cir. 2014) (en banc) (internal quotation marks omitted). The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'" *Michael v. Futhey*, No. 08-3932, 2009 U.S. App. LEXIS 28217, at *93-94 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is a likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22-23 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original). Additionally, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *see also Winter*, 555 U.S. at 24. Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984).

In addition, because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), "the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct

2

asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Here, all four factors weigh against granting injunctive relief. First, Plaintiff's motion fails to make any argument regarding his likelihood of success on the merits of the deliberate indifference to serious medical needs claims the Court has allowed to proceed in this action. Indeed, Plaintiff's request for injunctive relief seems to be based upon new allegations and/or claims that are not currently part of this action. Thus, Plaintiff cannot demonstrate the necessary "relationship between the injury claimed in [his] motion and the conduct asserted in the complaint." *Colvin*, 605 F.3d at 300; s*ee also Devose*, 42 F.3d at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction").

Second, Plaintiff has not shown irreparable harm. The law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *See Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). And although a federal court has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger, *see, e.g., Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980), Plaintiff's allegations regarding the Louisville Metro Department of Corrections' admittance of an individual Plaintiff believed to be his attorney and the amount of medication he is currently prescribed do not constitute grounds upon which this Court can find that a transfer is

3

warranted. *See, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 530 (4th Cir. 2003) (explaining that irreparable harm must be "actual and imminent" rather than "remote [and] speculative").

Finally, the third and fourth elements of the analysis also weigh against granting preliminary injunctive relief on the above claims. It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 U.S. Dist. LEXIS 126890, at *19 (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction (DN 15) is **DENIED**. However, if Plaintiff believes that his constitutional rights have been violated by the events described in the motion for a preliminary injunction, he may file a motion for leave to file a supplemental complaint containing the new allegations and/or claims.

Date: October 22, 2017

                                            **Charles R. Simpson III, Senior Judge**
                                            United States District Court

cc:      Plaintiff, *pro se*
           Counsel of Record
4411.011