# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**FREDDIE LEE DOWNER, JR.**                                                            **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 3:17-CV-P341-CRS**

**MARK BOLTON** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon two letters filed by *pro se* Plaintiff Freddie Lee Downer, Jr., which this Court construes as motions to supplement the complaint and amended complaint (DNs 17 & 18). For the reasons set forth below, Plaintiff's motions will be denied.

Plaintiff is a pretrial detainee who brought this civil rights action pursuant to 42 U.S.C. § 1983. In the Court's review of Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims for deliberate indifference to his serious medical needs to proceed against two officials at the Louisville Metro Department of Corrections, where Plaintiff is incarcerated.

In his motions to supplement the complaint, Plaintiff seeks to add a columnist from the Louisville Courier Journal as a defendant in this action. Plaintiff alleges that the columnist "has put my name and criminal history all in the newspaper and on the initialnet. Now it will be hard for me to have a fair tail here in Kentucky . . . . This man has put my history in the public eye and that is not good for me or my family." Plaintiff also indicates that he has been assaulted in jail because of what the columnist has written. Plaintiff attaches to his motions the article written by the columnist about Plaintiff.

> Supplementation of a complaint is governed by Fed. R. Civ. P. 15, which states in part:
>
> > On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). Whether to grant or deny a request to supplement a pleading is left to the sound discretion of the trial court. *Burse v. Robinson*, No. 2:14-cv-403, 2015 U.S. Dist. LEXIS 62739 (S.D. Ohio May 13, 2015). In exercising its discretion under Rule 15(d), the Court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (holding same standard of review and rationale apply to motions filed under Fed. R. Civ. P. 15(a) and 15(d)). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Proposed amendments and supplements to a prisoner's complaint must be reviewed *sua sponte* under 28 U.S.C. §1915A. Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (holding proposed amendment adding new unrelated claims against new defendants not allowed); *Alford v. Mohr*, No. 1:15-cv-645, 2018

U.S. Dist. LEXIS 2395 (S.D. Ohio, Jan 3, 2018) (same).

In his motions, Plaintiff seeks to add a new claim against a new defendant arising out of an incident wholly unrelated to the claims of deliberate indifference to serious medical needs that the Court has allowed to proceed in this action. Thus, Plaintiff's claim against the columnist is properly addressed in a new civil action.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motions to supplement his complaint and amended complaint (DNs 17 & 18) are **DENIED**.

Date: January 22, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.011